UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | | |
|---|---|---|
| BOBBY JAMES MOSLEY, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | NO. 3:18-cv-00411 |
| | ) | JUDGE TRAUGER |
| JANE DOE, et al., | ) | |
| | ) | |
| Defendants | ) | |

## MEMORANDUM AND ORDER

Plaintiff Bobby James Mosley, Jr., a pretrial detainee in the custody of the Davidson County Sheriff's Office, has filed a *pro se* complaint (Doc. No. 1) for violation of his civil rights pursuant to 42 U.S.C. § 1983. Before the court is the plaintiff's application to proceed without prepaying fees or costs. (Doc. No. 2.) In addition, the complaint is before the court for an initial review pursuant to the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. §§ 1915(e)(2) and 1915A, and 42 U.S.C. § 1997e.

### A. Application to Proceed as a Pauper

Under the Prison Litigation Reform Act ("PLRA"), 28 U.S.C. § 1915(a), a prisoner bringing a civil action may be permitted to file suit without prepaying the filing fee required by 28 U.S.C. § 1914(a). Because it is apparent from the plaintiff's submission that he lacks the funds to pay the entire filing fee in advance, his application to proceed as a pauper (Doc. No. 2) is **GRANTED**.

Pursuant to 28 U.S.C. §§ 1915(b) and 1914(a), the plaintiff is nonetheless assessed the $350.00 civil filing fee. The Davidson County Sheriff, as custodian of the petitioner's trust

account, is **DIRECTED** to submit to the clerk of court, as an initial payment, the greater of: (a) 20% of the average monthly deposits to the plaintiff's credit at the jail; or (b) 20% of the average monthly balance to the plaintiff's credit for the six-month period immediately preceding the filing of the complaint. 28 U.S.C. § 1915(b)(1). Thereafter, the custodian shall submit 20% of the plaintiff's preceding monthly income (or income credited to Petitioner for the preceding month), but only when the balance in the account exceeds $10.00. 28 U.S.C. § 1915(b)(2). Payments shall continue until the $350.00 filing fee has been paid in full to the clerk of court. 28 U.S.C. § 1915(b)(3).

The clerk of court **MUST** send a copy of this order to the Davidson County Sheriff to ensure payment of the filing fee. If the plaintiff is transferred from his present place of confinement, the Sheriff must ensure that a copy of this order follows the plaintiff to his new place of confinement, for continued compliance herewith. All payments made pursuant to this order must be submitted to the clerk of court for the United States District Court for the Middle District of Tennessee, 801 Broadway, Nashville, TN 37203.

**B. Initial Review of the Complaint**

Pursuant to 28 U.S.C. § 1915(e)(2), the court is required to conduct an initial review of any complaint filed *in forma pauperis*, and to dismiss the complaint if it is facially frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief against a defendant who is immune from such relief. In reviewing the complaint to determine whether it states a plausible claim, "a district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). A *pro se* pleading must be liberally

construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

The plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 confers a private federal right of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a § 1983 claim, a plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution and laws of the United States, and (2) that "the deprivation was caused by a person acting under color of state law." *Tahfs v. Proctor*, 316 F. 3d 584, 590 (6th Cir. 2003) (citations omitted); 42 U.S.C. § 1983.

The complaint alleges that the plaintiff has been "illegally confined" and "falsely imprisoned" since July 22, 2015, following his arrest and indictments for attempted first degree murder and aggravated assault. (Doc. No. 1 at 7, 8, 18, 19.) He alleges that his due process rights have been violated, and sues his prosecutors, Jane Doe and Danielle Nellis, his court appointed attorneys, Kevin Kelly and Kyle Parks, and criminal court Judge J. Wyatt. (Doc. No. 1 at 2, 7.) He seeks more than $40 million in total damages and immediate release from custody. (Doc. No. 1 at 6, 9.) Specifically, he asks the court to "issue an injunction order the state of Tennessee or the Administration at MCC to: Release the Plaintiff from MCC or the custody of DCSO and place him back in society with restoration of all rights and privileges." (Doc. No. 1 at 6.)

The plaintiff's complaint fails because each of the defendants named is immune from suit under § 1983. Judge Wyatt is absolutely immune from any suit for damages under § 1983 for actions taken in his judicial capacity and with proper jurisdiction, *Mireles v. Waco*, 502 U.S. 9,

10–11 (1991), and 42 U.S.C. § 1983 expressly provides that, except for circumstances not present in this case, "injunctive relief shall not be granted" "against a judicial officer for an act or omission taken in such officer's judicial capacity." Similarly, prosecutors Doe and Nellis are absolutely immune from claims against them individually for actions taken within the scope of their prosecutorial duties, *see Imbler v. Pachtman*, 424 U.S. 409, 427 (1976), and are shielded by Eleventh Amendment immunity from any claims for damages against them in their official capacities. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (66). And finally, the plaintiff's court-appointed attorneys do not act under color of state law when providing legal representation to their clients, and are therefore not proper defendants to a § 1983 claim. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Mulligan v. Schlachter*, 389 F.2d 231, 233 (6th Cir. 1968).

Further, the immediate release from custody that the plaintiff demands is not available under § 1983:

> [A] § 1983 action is a proper remedy for a state prisoner who is making a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody.
>
> . . .
>
> [W]hen a state prisoner is challenging the very fact or duration of his physical imprisonment, and the relief he seeks is a determination that he is entitled to immediate release or a speedier release from that imprisonment, his sole federal remedy is a writ of habeas corpus.

*Preiser v. Rodriguez*, 411 U.S. 475, 499, 500 (1973); *see also Heck v. Humphrey*, 512 U.S. 477, 481 (1994) ("habeas corpus is the exclusive remedy for a state prisoner who challenges the fact or duration of his confinement and seeks immediate or speedier release") (citing *Preiser*).

Accordingly, this action is **DISMISSED** for failure to state a claim for which relief can be granted. 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Any appeal of this order would not be in good faith as required by 28 U.S.C. § 1915(a)(3).

IT IS SO ORDERED.

ENTER this 21st day of May 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE