# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF TENNESSEE
# NASHVILLE DIVISION

| | |
|---|---|
| BOBBY JAMES MOSLEY, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | NO. 3:18-cv-00411 |
| ) | JUDGE TRAUGER |
| JANE DOE, et al., ) | |
| ) | |
| Defendants ) | |

## MEMORANDUM AND ORDER

Plaintiff Bobby James Mosley, Jr., a pretrial detainee in the custody of the Davidson County Sheriff's Office, filed a pro se complaint (Doc. No. 1) for violation of his civil rights pursuant to 42 U.S.C. § 1983, alleging that he has been "illegally confined" and "falsely imprisoned" since July 22, 2015, following his arrest and indictments for attempted first degree murder and aggravated assault. (Doc. No. 1 at 7, 8, 18, 19.) He sued his prosecutors, Jane Doe and Danielle Nellis, his court appointed attorneys, Kevin Kelly and Kyle Parks, and criminal court Judge J. Wyatt, seeking more than $40 million in total damages and immediate release from custody. (Doc. No. 1 at 2, 6–7, 9.)

On May 21, 2018, the court dismissed the plaintiff's lawsuit for failure to state a claim for which relief could be granted, because the defendants were either not state actors or were immune from suit under § 1983, and release from custody is not available relief under § 1983. (Doc. No. 4.)

The plaintiff has now filed a "Notice Pleading" and a Motion for Summary Judgment, which the court construes collectively as a motion to alter or amend under Federal Rule of Civil Procedure 59 and motion to amend his complaint. (Doc. Nos. 5, 6.) "A court may grant a Rule

59(e) motion to alter or amend if there is: (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to prevent manifest injustice." *Intera Corp. v. Henderson*, 428 F.3d 605, 620 (6th Cir. 2005) (citing *GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999)). None of those elements is satisfied by the plaintiff's submissions. His pending filings essentially just repeat the allegations from his complaint about being illegally detained and do not mitigate the reasons that required dismissal of his lawsuit. Accordingly, the plaintiff's motion (Doc. No. 6) is **DENIED**.

Finally, although it is not necessary to the disposition of the plaintiff's motion, the court wishes to correct a factual misconception that seems to underlie the proceedings in this case. It appears that the plaintiff believes that he is unlawfully detained because he mistakenly construes the phrase "cleared by arrest" on a police report to mean that he was cleared of wrongdoing, "which entitled Plaintiff to be released." (Doc. No. 6 at 2.) But the disposition status on which the plaintiff relies actually reflects that the reported crime has been solved, or "cleared" by the arrest of a suspect. As the Metropolitan Nashville Office of Internal Audit has explained in a public government record of which the court takes judicial notice:

> Users of crime reports are often not only interested in the number of crimes being committed but also how many of these reported crimes are being solved, or "cleared." This is known as the crime incident "status."
>
> A status of open means the crime incident is still considered active and has not been otherwise closed.
>
> To be cleared by arrest, at least one person must be arrested, charged with the commission of the offense and turned over to the court for prosecution.

Audit of the Metropolitan Nashville Police Department's Crime Statistical Reporting Process (June 24, 2011) (https://www.nashville.gov/Portals/0/SiteContent/InternalAudit/docs/FY2011

/PoliceCrimeStatisticalReporting_110624.pdf). Accordingly, it was the plaintiff's arrest and pending prosecution that "cleared" the criminal investigation, and there is no conflict between the report and his continuing detention awaiting trial.

IT IS SO ORDERED.

ENTER this 3rd day of July 2018.

_____
ALETA A. TRAUGER
UNITED STATES DISTRICT JUDGE